```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ADAM VITIELLO,

                    Plaintiffs,                                 MEMORANDUM AND ORDER
                                                                15-CV-4635 (RRM) (CLP)
        - against -

JTJ CONTRACTING, JUDLAU CONTRACTING,
THE JUDLAU COMPANIES, and J-TRACK,
LLC,

                    Defendants.
-------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

On August 7, 2015, defendants removed this action from state court to federal court pursuant to 28 U.S.C. § 1446. Plaintiff seeks to remand the action back to state court, alleging defendants' notice of removal was untimely and deficient. For the reasons below, remand is not warranted.

## BACKGROUND

On October 10, 2014, in the Supreme Court of the State of New York, Kings County, plaintiff Adam Vitiello filed an action for personal injuries pursuant to New York Labor Law §§ 200, 240(1), and 241(6). Defendants JTJ Contracting and The Judlau Companies were personally served with copies of the summons and verified complaint on February 26, 2015. (Aff. Serv. (Doc. No. 3-2) at 1 (ECF Pagination).) Defendants Judlau Contracting and J-Track were served via the Secretary of State on February 11, 2015. (Receipt Serv. (Doc. No. 3-2) at 3–4 (ECF Pagination).) Vitiello's state court complaint additionally included municipal

defendants,[1] who were served with a Notice of Claim. (Notice of Claim (Doc. No. 1) at 28.)

Shortly thereafter, Vitiello executed an amended summons and complaint, dated May 8, 2015, which was identical to the original complaint except that it dropped all allegations against the municipal defendants. (Am. Summons (Doc. No. 3-3) at 1–13.) However, it was not until July 9, 2015 that defendants were served with the amended summons and complaint. (Am. Compl. (Doc. No. 1) at 1, 6–18.)

On August 7, 2015, defendants removed the action to this Court pursuant to 28 U.S.C. § 1446(b)(3), citing diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal (Doc. No. 1).)

## DISCUSSION

A civil action may be removed from state court to federal court when the federal court has "original jurisdiction" over the claims or where the parties have diversity of citizenship and none of the parties in interest is a citizen of the state in which the action was brought. 28 U.S.C. §§ 1441(a) and 1442(b)(2). In effect, a civil action is removable only where it could have originally been filed in federal court.

Vitiello argues the notice of removal was deficient and the case must be remanded back to state court. Vitiello cites three reasons why remand is appropriate: first, because the removal was untimely; second, because it lacks the consent of all parties; and, third, because defendants failed to attach all pleadings from the state court. All these bases fail.

**I.      Timeliness of the Notice of Removal**

Generally, defendants must file a notice of removal within thirty days of the receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is

---

[1] The municipal defendants included the New York City Transit Authority, the Manhattan and Bronx Surface Transit Operating Authority, the Metropolitan Transportation Authority, the MTA Capital Construction Company, and the City of New York.

not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In this case, the notice of removal was filed on August 7, 2015. This was within thirty days of the filing of the amended complaint on July 9, 2015. However, the original complaint was served upon defendants on February 11 and 26, 2015, roughly six months prior to the notice of removal. Thus the notice of removal is only timely if the amended complaint was the first court document which would have alerted defendants that the case had become removable.

"A case is removable when the initial pleading 'enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal[, the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a).'" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001) (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997) (internal quotation marks omitted)). The original complaint here did not allow for removal on its face because it brought state law claims against the municipal defendants, all of whom defeat diversity of citizenship and preclude removal. As such, the original complaint did not begin the thirty day time limit for removal of this action and § 1446(b)(3) controls.

Vitiello dismissed all claims against the municipal defendants when he filed his amended summons and complaint. *See Nasso v. Seagal*, 263 F. Supp. 2d 596, 604 n.13 (E.D.N.Y. 2003); *see also Vasura v. Acands*, 84 F. Supp. 2d 531, 536, n.4 (S.D.N.Y. 2000) (explaining that removal may be properly made "where a plaintiff creates diversity by its voluntary dismissal of a non-diverse defendant after the initial state court complaint has been filed, but before removal").

Though the amended summons and complaint are dated May 8, 2015, defendants were not served with these documents until July 9, 2015.

In this case, service of the amended summons and complaint on July 9, 2015 was the point at which defendants received a filing from which it could be ascertained that the case was removable. Thus, removal here is proper under 28 U.S.C. § 1446(b)(3) because defendants filed their notice of removal within thirty days of service of the amended summons and complaint, which did not include the municipal defendants.[2]

## II. The Rule of Unanimity

In cases with multiple defendants, the "Rule of Unanimity" imposes an additional requirement for proper removal. In such cases, all named defendants must join the removal petition for removal to be proper. *Marie-Dessisso v. JP Morgan Chase Bank*, No. 15-CV-5152, 2015 WL 5732127, at *2 (E.D.N.Y. Sept. 28, 2015).

Here, The Judlau Companies, a named defendant, is not included in the removal petition. Defendants have consistently maintained that there is no such entity identified as The Judlau Companies, and Vitiello has not asserted otherwise. (*See* Notice of Removal (Doc. No. 1) at 2; Def.s' Opp. (Doc. No. 4) at 3; Def.s' Letter (Doc. No. 6) at 2.) As such, the Rule of Unanimity presents no bar to removal. *See Star Multi Care Servs. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 282 (E.D.N.Y. 2014) ("Courts may excuse the failure to join all defendants in the

---

[2] Vitiello contends that defendants were on notice that the action was removable from the time that his motion "relevant to the Notice of Claim was denied, leaving the remaining defendants who now seek removal." (Mot. Remand (Doc. No. 3) at 4; Pl.'s Letter (Doc. No. 5) at 1.) While the denial of such a motion may have effectively given notice to the defendants that the action would become removable, the action would not actually become removable until either Vitiello himself dismissed the municipal defendants or his ability to appeal any court ordered dismissal expired. *See Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40, n.2 (2d Cir. 1980) (explaining "the involuntary dismissal of non-diverse parties does not make an action removable" until plaintiff's failure to appeal such an order constitutes "the functional equivalent of a 'voluntary' dismissal"). Even assuming the state court found Vitiello's Notice of Claim was not timely served upon the municipal defendants, such a finding is not the functional equivalent of a voluntary dismissal because Vitiello had not yet dismissed the municipal defendants and, for example, he could have made an application for leave to serve a late notice pursuant to N.Y. Gen. Mun. Law § 50-e(5).

removal petition or to otherwise obtain their consent for removal where the non-consenting defendants 'have not been served, [are] unknown defendants, [or have been] fraudulently joined.'" (quoting *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007))).

**III.   The Attached Documents**

The procedure for removal of civil actions to federal court is governed by 28 U.S.C. § 1446.  Pursuant to § 1446(a), defendants seeking removal must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

Here, the notice of removal contains a short and plain statement of the grounds for removal and was filed with a copy of the amended summons, the amended verified complaint, the verified answer to the amended complaint, the demand for a verified bill of particulars, and the notice of claim served on the former municipal defendants.  Defendants did not include the original complaint filed in state court.

Though the Second Circuit has not addressed the issue, the majority of courts have concluded that the failure to include the original complaint in a notice of remand is a curable, procedural defect rather than a jurisdictional defect necessitating remand.  *See Rocha v. Brown & Gould, LLP*, 61 F. Supp. 3d 111, 113 (D.D.C. 2014) (surveying case law and agreeing "with the majority of federal courts which have held that failure to include documents from the state court record under § 1446(a) is a procedural error that does not require remand"); *Osmose Utilities Servs., Inc. v. Hish*, No. 13-CV-310S, 2013 WL 1625408, at *4 (W.D.N.Y. Apr. 15, 2013) ("Although incomplete at the time the notice was initially filed, this failure was a procedural defect and not a jurisdictional one warranting remand.").  Defendants did include the amended

complaint, among other documents, from which this Court has determined that it may properly exercise jurisdiction over the case.  Thus, removal is not warranted for failure to append the original complaint.

## CONCLUSION

For the reasons herein, Vitiello's motion to remand is denied.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
       March 29, 2016

_____
ROSLYNN R. MAUSKOPF
United States District

6